THE HONORABLE PAUL L. FRIEDMAN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
WASHINGTON, D.C.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TYLER SLAEKER,<br><br>    Defendant. | No. CR 21-604-PLF<br><br>**EX PARTE** MOTION TO WITHDRAW AS COUNSEL AND FOR APPOINTMENT OF NEW COUNSEL AND SUPPORTING MEMORANDUM OF LAW<br><br>**FILED UNDER SEAL** |

## I. MOTION

Jennifer E. Wellman respectfully moves for leave to withdraw as counsel for the defendant, Tyler Slaeker, and for the appointment of new counsel, either from the Criminal Justice Act panel or the Federal Public Defender for the Middle District of Tennessee. This motion is based on an irreconcilable conflict between counsel and Mr. Slaeker and the following memorandum of law.

This motion, a matter between the defense and the Court, will be filed ex parte and under seal to protect the interests of Mr. Slaeker to the greatest extent possible. Mr. Slaeker has been advised of the motion and will be provided with a copy. In addition, A.J. Kramer, Federal Public Defender for the District of Columbia, and the government, represented by Assistant United States Attorney Nadia Moore, will be notified that this motion is filed.

EX PARTE MOTION TO WITHDRAW AS
COUNSEL AND FOR APPOINTMENT OF NEW
COUNSEL
(*US v. Tyler Slaeker;* CR21-604PLF) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

## II.     MEMORANDUM OF LAW IN SUPPORT OF MOTION

Pursuant to 18 U.S.C. § 3006(A)(c), "[t]he United States Magistrate or the Court may, in the interests of justice, substitute one appointed counsel for another at any stage of the proceedings." A district court's "refusal to allow substitution of attorneys may result in a denial of the constitutional right to effective assistance of counsel if the defendant and his attorney are embroiled in an 'irreconcilable conflict.'" *United States v. Mills*, 597 F.2d 693, 700 (9th Cir. 1979). *See also* Rule 1.16 of the DC Rules of Professional Conduct (setting forth grounds for mandatory and permissive withdrawal as counsel).

Here, irreconcilable differences between counsel and Mr. Slaeker require termination of the representation. The "irreconcilable conflict" results from the breakdown in the client's trust of undersigned counsel. Although Mr. Slaeker has not asked counsel directly to remove herself from the case, on October 27, 2021, he wrote an email to the Court stating counsel is "not interested in defending me or my rights," and specifically stating counsel has not provided Mr. Slaeker with an adequate defense, either in terms of filing a motion to modify the bond to allow for the lawful ownership of firearms or by providing him with his copy of discovery. The email was sent on the heels of a barrage of accusations by Mr. Slaeker, that began Monday October 25, 2021, and centered on his belief that counsel has rendered ineffective assistance of counsel, believing counsel has breached the duty of competence, the duty of diligence, the duty of communication, and the duty of loyalty and zealousness.

A defendant needs to have an attorney whom he can trust and take advice from at every stage of the proceedings. Here, however, Mr. Slaeker does not trust counsel; the relationship is irreconcilably broken and the substitution of counsel is warranted. Rule 1.16.

EX PARTE MOTION TO WITHDRAW AS
COUNSEL AND FOR APPOINTMENT OF NEW
COUNSEL
(*US v. Tyler Slaeker;* CR21-604PLF) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Moreover, the withdrawal of undersigned counsel and the appointment of new counsel can be accomplished without material adverse effect on the client's interests. *Id.* Negotiations are underway and on October 28, 2021, the government provided counsel with a proposed resolution, which was immediately shared via email with Mr. Slaeker. However, Mr. Slaeker need not make a decision in how he wishes to proceed until he has had the opportunity to review the voluminous discovery, and discuss with counsel any and all factual and legal issues presented, as well as the sentencing consequences and the terms of the proposal, so he can make an informed and intelligent decision in how to proceed. That process can and should occur with new counsel, whom he trusts.

Discovery received to date is now well organized and, with the exception of "highly sensitive" discovery, was sent by Federal Express to Mr. Slaeker on October 27, 2021, and can be readily provided to new counsel upon appointment. There is a status hearing scheduled for November 1, 2021, to address an alleged supervision violation. Counsel has filed a response in regards to that hearing and Mr. Slaeker's compliance; new counsel should be able to prepare for the hearing, despite the short time frame. There are no other hearings scheduled until December 14, 2021. The December hearing is a status hearing, at which point, Mr. Slaeker and his new counsel, if appointed by this Court, should be able to advise whether they are ready to move forward or require additional time before scheduling this matter for a plea or trial.

Finally, Mr. Slaeker is moving to Tennessee. If appointed counsel in Tennessee, Mr. Slaeker will have the ability to view "highly sensitive" discovery in person, per the terms of the agreed upon Protective Order (Dkt. 18), without having to travel to Seattle to do the same. Accordingly, substitution of counsel is to Mr. Slaeker's benefit and timely.

/ / /

EX PARTE MOTION TO WITHDRAW AS
COUNSEL AND FOR APPOINTMENT OF NEW
COUNSEL
(*US v. Tyler Slaeker;* CR21-604PLF) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

### III. CONCLUSION

For the foregoing reasons, counsel respectfully requests that this Court grant the motion to discharge counsel and assign new counsel to represent Mr. Slaeker in any and all further proceedings.

DATED this 28th day of October 2021.

                                            Respectfully submitted,

                                            s/ *Jennifer E. Wellman*
                                            Assistant Federal Public Defender
                                            Attorney for Tyler Slaeker

EX PARTE MOTION TO WITHDRAW AS COUNSEL AND FOR APPOINTMENT OF NEW COUNSEL
(*US v. Tyler Slaeker;* CR21-604PLF) - 4

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100