UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-604 () |
| | : | |
| TYLER SLAEKER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO MODIFY CONDITIONS OF
RELEASE

The United States of America by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in opposition to defendant Tyler Slaeker's Motion to Modify Conditions of Release ("Mot."). ECF No. 19.

Slaeker unlawfully entered the U.S. Capitol in the midst of a violent riot. The government acknowledges that Slaeker is currently only charged with misdemeanors, and is not aware of evidence that Slaeker assaulted officers. Primarily for these reasons, the government has agreed that Slaeker may remain on release pending trial, without a curfew, home detention, or monitoring – but not without conditions. Here, the condition that Slaeker may not possess a firearm, must be included among the minimum conditions necessary to ensure the safety of the community.  His involvement in the January 6, 2021 riot and his failure to comply with the terms of his release justify restricting his access to firearms pending trial. Accordingly, the Court should deny Slaeker's motion.

**BACKGROUND**

I.   **Slaeker's Participation in the Capitol Riot**

The defendant, Tyler Slaeker, unlawfully entered the U.S. Capitol on January 6, 2021.  The defendant traveled from his home in Washington state to Washington D.C. to participate in the

"Stop the Steal" rally against the results of the 2020 Presidential Election. After attending the rally, the defendant, who was wearing a helmet, traveled to the U.S. Capitol.

The defendant climbed scaffolding at the Capitol, messaging a contact that he was "[m]uch more agile flying solo. I doubt I could have convinced my mom to follow me up the scaffolding." The defendant also made entrance into the building at approximately 2:45pm through an exterior door that had been opened from the inside by other rioters. While inside the building, the defendant was with a mob of rioters that entered the Rotunda of the U.S. Capitol building. After taking a number of photographs inside of the Rotunda, see Exhibit A (a selection of photographs taken by Slaeker), the defendant left the building at approximately 3:01pm. However, just after exiting the building, the defendant turned around and reentered the building through the same door. The defendant ultimately left the building through this same door at approximately 3:03pm.

The defendant took numerous photographs and videos of the chaos that day. These photographs and videos captured, among other things, (1) rioters attempting to enter the East Rotunda doors, the windows of which had already been broken; (2) rioters arming themselves with piping on the Upper West Terrace; (3) rioters overrunning the Lower West Terrace and attempting entry into the Capitol through an archway and tunnel; and (4) lines of officers attempting to disperse the rioters. See Exhibit A.

The defendant also proudly communicated with multiple individuals about his involvement in the January 6, 2021 riot. That day, Slaeker texted a contact that he was in "Dc. Capitol building" on a "self guided tour." He also described the events of the day as "beautiful," even though there were "[l]ots of psychos." Additionally, in response to text messages explaining that "[t]hey are saying that the crowd 'breached' the entrance and is fighting the police to get to the floor" and "[n]ow they are saying they broke down a door – wonder where this narrative is going..," Slaeker

responded "Yes.  That's all definitely true."  Slaeker also messaged that he saw a police officer who "had blood running down his face from a wound on his left eyebrow."

## II.     Procedural History

On August 4, 2021, Slaeker was arrested in Federal Way, Washington in connection with a complaint charging him with four misdemeanors (violations of 18 U.S.C. §§ 1752(a)(1) and (2) and 40 U.S.C. §§ 5104(e)(2)(D) and (G)), relating to his role in the January 6 attack on the U.S. Capitol. ECF No. 1, 7.  At his initial appearance in the Western District of Washington Slaeker was released on conditions.  Id.

On August 9, 2021, the Pretrial Services Agency for the District of Columbia submitted a Pretrial Services Report for Slaeker in connection with his initial appearance in this district.  In this report, Pretrial Services recommended that Slaeker be released on a number of conditions, including that he "not possess firearms."  ECF No. 6.  On August 12, 2021, Magistrate Judge Meriweather imposed the release condition that Slaeker not possess a firearm.  ECF No. 10.  Slaeker was also required to submit to supervision by Pretrial Services, notify Pretrial Services of travel outside the Western District of Washington, obtain Court approval for travel outside of the continental United States, stay away from Washington D.C. except for court-related matters, not violate state, federal, or local law, cooperate in the collection of a DNA sample if authorized by statute, advise the court or Pretrial Services before changing residence or phone number, and appear in court as required.  Id.

On October 27, 2021, Pretrial Services filed a Compliance Report.  ECF No. 27.  The report noted that "[d]espite multiple requests, the defendant failed to provide the US Probation Office for the Western District of Washington documentation showing he transferred his firearms to his father."  Id. Despite the fact that more than two months passed since the Court ordered the defendant not to possess

firearms, instead of complying with the condition, the defendant "complained incessantly about the bond condition." Id.

On October 28, 2021, Slaeker filed a request to remove the firearms restriction from his release conditions and filed a Custodian Firearms Form, indicating that as of October 27, 2021 Slaeker does "not possess or have any firearm(s) in the residence where [Slaeker] live(s)." ECF. No. 29.

## ARGUMENT

### I. Applicable Authority

Under the Bail Reform Act, if a judicial officer determines that release under two standard conditions (not committing crimes and cooperating in the collection of DNA) "will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community," the judicial officer may impose additional conditions. 18 U.S.C. §§ 3142(b), (c)(1). In that event, the judicial officer shall release the defendant "subject to the least restrictive further condition, or combination of conditions" that "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). These conditions may include the condition that the person "refrain from possessing a firearm, destructive device, or other dangerous weapon." 18 U.S.C. § 3142(c)(1)(B)(viii).

In determining appropriate conditions of release, the judicial officer considers factors including: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics" of the defendant and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g) ("Section 3142(g) factors"). The judicial officer may amend a release order "at any time." 18 U.S.C. § 3142(c)(3).

**II.     The Court Should Not Modify Slaeker's Release Conditions**

Slaeker is already subject to the "least restrictive" combination of conditions necessary to ensure the safety of the community. 18 U.S.C. § 3142(c)(1)(B). The nature and circumstances of Slaeker's offense (his participation in the Capitol riot) demonstrate that he poses a danger. And yet, Slaeker is not subject to home detention, a curfew, or GPS monitoring; instead, he must submit to supervision by Pretrial Services and is subject to certain travel restrictions. Together with these relatively limited conditions, the prohibition on firearms possession creates the least restrictive combination of conditions required to mitigate the danger that he poses to the community.

**A.   The Section 31429g) Factors Favor Maintaining the Firearms Restriction**

The Section 3142(g) factors justify including the firearms restriction among Slaeker's conditions of release. While Slaeker is currently charged only with misdemeanors, the nature and circumstances of the offense support restricting his ability to possess firearms before trial. Fully aware that rioters were storming the Capitol, breaking inside and attacking officers, Slaeker joined in and unlawfully entered the Capitol, knowing full well that law enforcement officers were struggling against the tide of rioters.

Later, in text messages, he boasted of his participation in the riot, in an attack that led to injuries, deaths, and disrupted the peaceful and democratic transition of power. While he may be currently charged with misdemeanors only, Slaeker joined a violent attack on our nation's democracy and celebrated his participation after the fact. The nature and circumstances of his offense suggest that Slaeker does pose a danger and warrant a weapons restriction.

The weight of the evidence of Slaeker's conduct is strong. The evidence in this case includes text messages that Slaeker sent indicating that he participated in the January 6 riot, photographs and videos that he took which indicate the same; U.S. Capitol Police security footage showing Slaeker

inside the Capitol Building, and the clothing that Slaeker wore to the Capitol, which was recovered, pursuant to a search warrant, from his home.

Slaeker's history and characteristics, including his refusal to abide by Court orders, also support restricting his access to firearms. Although Slaeker was ordered not to possess firearms by Judge Meriweather on August 12, 2021, he failed to provide documentation of the transfer of his firearms to Pretrial in a timely manner. Indeed, Slaeker did not provide a Custodian Firearms Form to Pretrial Services for 76 days and did not indicate on the form what kinds of firearms he had owned or to whom he turned them over.[1] Slaeker has also refused to permit Pretrials Services to inspect his home. ECF No. 27. See United States v. Adams, No. 21-CR-212 (ABJ), ECF No. 30, (D.C.D. July 22, 2021) ("[t]he finding that the [firearm] condition is necessary is further supported by the fact that for three months, the defendant ignored the requirement in the order of release that he identify the custodian of the key to his gun locker, and his spotty compliance with the very modest condition that he phone in regularly to Pretrial Services"); United States v. Munchel, 991 F.3d 1273, 1281 (D.C. Cir. 2021) ("[I]t defies logic to suggest that court cannot consider whether it believes the defendant will actually abide by its conditions when making the release determination in the first instance.").

In summary, and as to the fourth Section 3142(g) factor, the nature of and seriousness of the danger posed justifies the weapons restriction. Slaeker willingly joined in a violent and destructive attack on the Capitol, and later celebrated his participation in the riot. If Slaeker is to remain on release, a firearms restriction here is the minimally necessary condition required to ensure the safety of the community. See United States v. Green, No. 3:18-CR-356, 2019 WL 6529446, at *3 (N.D. Tex. Dec. 4, 2019) (in a tax fraud case, denying motion to modify conditions of release because "Even if Defendant is not charged with a crime of violence and has no history of violence . . . Defendant's

---

[1] Slaeker's October 28, 2021 response to the Court indicates that Slaeker gifted his firearms to his mother.

possession of firearms endangers officers of the Pretrial Services who may make unannounced visits to ensure that Defendant is complying with the conditions of his release").

## **CONCLUSION**

Restricting Slaeker's access to firearms is the least restrictive condition the Court can impose to assure the safety of the community. The Court should deny Slaeker's motion.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY
D.C. Bar No. 415793\

By: __/s/_ *Nadia E. Moore*_____
Nadia E. Moore
New York Bar No. 4826566
Assistant United States Attorney, Detailee
271 Cadman Plaza East
Brooklyn, NY 11201
Tel. (718) 254-6362
nadia.moore@usdoj.gov